Per curiam,
in their charge to the jury — In an action of debt, two things are recoverable, the numerical sum mentioned in the bond, and damages for the detention of the debt. Where the currency in which judgment is to be given, is equal sum for sum to tiie money mentioned in the bond, the jury assess damages usually for the detention to the amount of the interest accrued, but they are not obliged to assess damages to the amount, only. If upon enquiry, for instance, they find that one pound of the present currency of this country, is not equal to one pound of the money payable by the obligation, whether this inequality be occasioned by depreciation or any other cause, and though the money mentioned in the obligation be not. foreign money, they may in the assessment of damages, increase them beyond the amount of the interest, so as to make the damages and principal equal in value to the principal and interest of the money mentioned in the bond. And thejury gave a verdict accordingly, and there was judgment accordingly.
*406 Note. — in another case occurring this same-term, where the money mentioned in the bond was Spanish milled dollars, secured by a penalty and condition, the court directed the value of the condition to be assessed,’ and gave judgment for the penalty ; leaving the Plaintiff to talco out execution for the value assessed, if he thought proper, and the interest. There were several cases also of asssumpsits for currency, more depreciated at the time of the contract Ilian it is now ; and according to the direction of the court, tlfe Plaintiffs recovered only the real value in the present currency, the sums demanded being reduced one sixth — twelve shillings having been equal to a dollar when the contracts were made, which is now only equal to ten. The practice for the two last circuits has been uniformly upon the same rules, and the cases have not been collected separately, because they are numerous, and the practice is now generally acknowledged and acquiesced in. ft was urged in one of these cases, that the jury cannot give a greater value to any coin specified in the act of 1783, c. 4, s. 3, than is there stated; but the court denied that doctrine, and said the jury might assess the value of such coins by the act of 1777, c. 2,s. 24. The reason of fixing a value by 1783, was, for the purpose of ascertaining how many pounds according to the then ideal currency of North-Carolina, were contained in any given contract for coined money ; for want of which ascertainment, they were likely to bear different values in different parts of (lie State, and tlm creditor he liable to recover less at one place than another, when judgment was to be rendered in pounds shillings and pence in this ideal currency ; for there was not actually any currency of North-Carohna at that time, and it had not thenchanged, nor was it expected to change. A new currency of less value, howerer, has since appeared, with which for 'he purposes of justice it becomes frequently necessary to compare those coins, and with tire ideal currency before mentioned ,- and between this last currency and the other two, the act of 1783 has established no rule of exchange. We can readily know by the act of 1783, how many shillings of the old North Carolina cuirency, a dollar is equal to, "but it will not inform us how many shillings of the m w currency it represents ; and of necessity the jury must ascertain this under the act of 1777. Were this construction not put upon the act, this absurdity would follow, that a contract for so much sterling, would he left to the jury to assess the value of in our currency, upon evidence of the real difference of exchange; whereas if the contract only mentioned so man,» guineas as wete of the value of that sterling, the act of 1783 would decide the value, and allow a much less sum in currency than the sum in sterling money was equal to — and thus two sums precisely equal in value in all other a untries, and dischargeable by the same number of guineas, would he dischargeable in this country by different sums of our currency. The. like may be said of French, Spanish or ant ipner foreign money, and this could not he the meaning of the act of 1783.
Note. — Vide Winslow v. Bloom, ante 217.